UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

PETER VOSKIAN,

    Plaintiff,

v.

CHARTER COMMUNICATIONS HOLDING
COMPANY, LLC D/B/A SPECTRUM
a Foreign Limited Liability Company,

    Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Peter Voskian, ("Mr. Voskian" or "Plaintiff") files this Complaint against Defendant, Spectrum/Charter Communications, ("CCHC" or "Defendant"), and states as follows:

## **INTRODUCTION**

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") and for violation of Florida's Private Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2.     This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq.*

3.     This Court also has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

4.     At all times relevant hereto, Plaintiff was an employee of Defendant.

5.     Plaintiff worked for Defendant in Pinellas County, Florida, and this venue is therefore proper.

6.     Defendant is a Foreign Limited Liability Company that is located and does business in Pinellas County, Florida, and is therefore within the jurisdiction of the Court.

7.     At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant.

8.     Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

9.    Defendant was at all times an "employer" as envisioned by the ADA, FCRA, FWA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

10.    On or around February 17, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11.    More than 180 days have passed since the filing of the Charge of Discrimination.

12.    On or around January 20, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

13.    Plaintiff timely files this action within the applicable period of limitations against Defendant.

14.    All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15.    Mr. Voskian worked for CCHC as an Internet Repair I Employee from June 3, 2022, until his unlawful and discriminatory termination on April 23, 2024.

3

16.     During his tenure Mr. Voskian was an excellent employee, and had no significant history of non-medical attendance, disciplinary, or performance issues.

17.     Accordingly, in January 2024, Mr. Voskian's supervisors, including William Brownridge ("Mr. Brownridge") and Don Broussard ("Mr. Broussard") instructed him to return to work in person, though Mr. Voskian had been a successful remote worker for the past six (6) months.

18.     Immediately, Mr. Voskian reminded CCHC that he suffered from many medical conditions, including being a cancer and heart attack survivor, as well as anxiety and post-traumatic stress disorder ("PTSD"), which are considered protected disability under the ADA/FCRA, as he had disclosed upon his hiring. *See* 42 U.S.C. § 12102.

19.     From January 2024 through April 2024, Mr. Voskian engaged in several talks with CCHC's Human Resources Department regarding his disability and requested accommodations.

20.     At no point during these talks did CCHC HR offer any reasonable accommodations to Mr. Voskian or engaged in the interactive process as required by the ADA.

21.     On April 22, 2024, Mr. Voskian formalized his objections to CCHC's disability discrimination in a written complaint to CCHC's ethics department.

22. While Mr. Voskian objected and even filed an ethics complaint due to the treatment he was receiving, neither Mr. Brownridge, nor anyone else at CCHC engaged in the interactive process required by the ADA/FCRA with Mr. Voskian to determine if any accommodations such as remote work could be afforded to him.

23. Instead, CCHC simply refused to accommodate him, in complete violation of the ADA/FCRA.

24. CCHC's unlawful activity does not end there, however. In December 2023, CCHC enacted a billing change which increased the prices of individuals in its lowest tier of service.

25. This change was set to begin the following year, when the Federal Government's Affordable Connectivity Program ("ACP") was ending.

26. Knowing that the ACP specifically serviced households who were recipients of disability benefits, Mr. Voskian felt that these practices would disproportionately damage individuals under this protected class.

27. Over the initial months of 2024, Mr. Voskian fielded numerous calls, many of which came from CCHC's disabled clients, who were now required to pay higher prices due to CCHC's targeted increase.

28. Unable to withstand this blatant discrimination, on April 17, 2024, Mr. Voskian objected to the Federal Communications Commission ("FCC") that he

believed CCHC's billing practices were discriminatory, in part due to its treatment of disabled individuals in complete violation of 47 U.S.C § 255.

29. CCHC wasted no time to retaliate. On April 23, 2024, Executive Vice President, Joan Scazzaro ("Ms. Scazzaro") informed Mr. Voskian that CCHC had decided to terminate his employment, effective immediately.

30. When Mr. Voskian asked why he was being fired, CCHC informed him that it was due to "taking screenshots" and things of that matter – clearly referencing his protected objections.

31. It is clear that CCHC terminated Mr. Voskian because he objected to illegal activity and suffered a disability/perceived disability, and required reasonable, non-burdensome accommodation for same.

32. Any other reason theorized by CCHC is mere pretext.

33. The close temporal proximity between Mr. Voskian's objections/refusal and the negative employment action taken against him, i.e., termination. establishes a causal link between Plaintiff's protected activity and Defendant's retaliatory acts.

34. Plaintiff is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job.

35. Allowing Plaintiff to work from home without negative repercussions, such as termination, would have been reasonable accommodation.

6

36. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and request for remote work.

37. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

38. The timing of Plaintiff's termination makes the causal connection between his disability disclosure/request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

39. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

40. Defendant was aware of Plaintiff's ADA/FCRA-protected disability.

41. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

42. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

43. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

44. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

45.  Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

<u>**COUNT I**</u>
<u>**DISCRIMINATION UNDER THE ADA BASED ON DISABILITY**</u>
<u>**FAILURE TO ACCOMMODATE**</u>

46.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4 through 23, 30 through 32, 34 through 45, above.

47.  The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

48.  Plaintiff's request for remote work to treat his conditions was a reasonable accommodation under the ADA.

49.  Defendant failed to engage in the interactive process when Plaintiff requested accommodations as required by the ADA.

50.  The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

51.  The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52.   Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

53.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

54.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON FAILURE TO ACCOMMODATE DISABILITY

55.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 23, 30 through 32, and 34 through 45, above.

56.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

57. Plaintiff's request for remote work to treat his conditions was a reasonable accommodation under the FCRA.

58. Defendant failed to engage in the interactive process when Plaintiff requested accommodations as required by the FCRA.

59. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

60. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

62. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

63. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front

pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT III**
**RETALIATION UNDER THE ADA BASED ON DISABILITY**

58.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4 through 23, 30 through 32, 34 through 45, above.

59. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt she was being discriminated against based on his disability, and his request for reasonable accommodation.

60.    Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61.    Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

62.    Plaintiff's protected activity, and his termination, are causally related.

63.    Defendant's stated reasons for Plaintiff's termination are a pretext.

64.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

11

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

68.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 23, 30 through 32, and 34 through 45, above.

69.    Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

70.    Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

71.    Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

72.    Plaintiff's protected activity, and his termination, are causally related.

73.    Defendant's stated reasons for Plaintiff's termination are a pretext.

74.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76.    Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT
## UNLAWFUL RETALIATION

64.    Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 9, 15, 24 through 33, 42 through 45, above of this Complaint as if fully set forth herein.

65.    On April 23, 2024, Defendant terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

66.    Plaintiff was retaliated and discharged in violation of Section 448.102(3), Florida Statute for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant.

67.    Plaintiff objected to this violation of a law, rule, or regulation, or what he reasonably believed to be a violation of this law, rule, and regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

14

68.     As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and any other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 10th day of April 2026.

Respectfully Submitted,

*/s/ Andres Kroboth*
Andres Kroboth, Esq.
Florida Bar No. 1016483
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: andres@floridaovertimelawyer.com

15